## Neizer, Appellant, *v.* Schuylkill Township School District.

Argued January 6, 1956. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO AND ARNOLD, JJ.

*Arthur Gregg Jackson,* with him *Samuel Lichtenfeld* and *Mancill, Cooney, Ott & Semans,* for appellants.

*Thomas C. Gawthrop,* with him *W. Edward Greenwood, Fred W. Deininger* and *Gawthrop & Gawthrop,* for appellees.

OPINION BY MR. JUSTICE JONES, March 13, 1956:

This appeal is from a decree dismissing a bill filed by taxpayers of the School District of Schuylkill Township, Chester County, seeking to enjoin the School District from paying the other defendant, Schuylkill Township School District Authority, any rent as provided in the lease from the Authority to the School District and to restrain the Authority from expending any money in payment of its obligations under any of its contracts or on account of its issued and outstanding bonds.

The complaint alleged that the Act of May 2, 1945, P.L. 382, under which the complained-of actions of the School District were taken, was unconstitutional in a number of specified particulars. The Act authorizes school districts to create authorities for the purpose of building and equipping school facilities. The defendants filed preliminary objections to the complaint on the ground that the plaintiffs were guilty of laches and that the complaint failed to aver a cause of action against the defendants.

The chancellor, President Judge KNIGHT of the 38th Judicial District, specially presiding, heard argument on the preliminary objections which he thereafter sustained in an opinion (reported in 6 Chester County Reports 255) but allowed the plaintiffs twenty days within which to amend so as "to aver any reasonable and compelling reason for their delay in taking the present action, and also, to supply some facts in support of their averments of abuse of discretion."

The plaintiffs amended their complaint whereto the defendants filed a preliminary objection solely on the ground that the plaintiffs were barred by laches from proceeding with the suit. The matter again came on for argument before the chancellor who, in due course, filed an adjudication (reported in 7 Chester County Reports 10), in which he held the plaintiffs barred by their laches, and entered a decree nisi dismissing both complaints and directing that judgment be entered for the defendants. The plaintiffs filed but a single exception which was directed to the decree nisi. After argument thereon, the court en banc (composed of the chancellor and President Judge SWENEY of the 32nd Judicial District) dismissed the exception and made the decree nisi the final decree and judgment of the court. The final decree from which the plaintiffs have appealed was accompanied by an opinion of Judge KNIGHT for the court en banc (reported in 7 Chester County Reports 75).

The above-cited opinions of the court below demonstrate conclusively that the plaintiffs were guilty of fatal laches. No useful purpose would be served by our now repeating what the court below so well said. Both the learned chancellor and the court en banc correctly applied the pertinent legal principles to the facts which were not only undisputed but were unexceptionably established as the record plainly reveals. The decree will

therefore be affirmed and an appropriate end made of the litigation.

Decree affirmed at appellants' costs.