## Noble v. Sto-Rox School District

*Peter J. King,* for plaintiffs.

*Louis C. Glasso* and *John L. Mussman,* for defendants.

McLEAN, J., July 27, 1971.—Plaintiffs, residents and taxpayers of defendant school district, have filed a complaint in equity on behalf of themselves and all other residents and taxpayers of the school district, against the school district and the school authority created by the school district. The complaint alleges that at the October and December 1970 meetings of the school board the school directors passed a series of resolutions, the effect of which was to approve the construction of an addition of a gymnasium and auditorium to the existing secondary school building, the reso-

lutions having been passed by a vote of five to four. It is further alleged that at the primary election held on May 18, 1971, two of the school directors who voted in the majority were candidates for renomination to the school board, but were defeated in said election by a vote of approximately two to one; that the main issue in the said primary election centered around the feasibility and reasonableness of proceeding with the plans for the construction of the gymnasium and auditorium, and that the two candidates for school director who campaigned successfully against the said two defeated incumbent school directors clearly stated their opposition to proceeding with the gymnasium and auditorium, and promised that upon their election they would oppose the present construction plan of the school district.

It is further alleged that when the newly elected school directors are sworn into office in December of 1971, the school board will consist of six directors who are in opposition to the present building plans and three who are in favor of the plans. We note parenthetically that plaintiffs assume that the nomination of the two new nominees at the primary election will assure their election to office in the November general election.

The complaint further alleges that the present school board and school authority, both defendants, are planning to proceed with the said building plans and for that purpose plan to sell authority bonds and take construction bids, and then to award construction contracts. It is further alleged that there has been a clear mandate of the overwhelming majority of the electorate registering disapproval of those construction plans and intentions, and, as a result, the residents of the school district will suffer an irreparable injury. Plain-

tiffs want the court to enjoin defendants from proceeding with their construction and financing plans.

Not surprisingly, defendants have filed preliminary objections, one of which asserts that the complaint fails to state a cause of action. We are of the opinion that this preliminary objection clearly must be sustained. Plaintiffs are unable to cite any legal authority for the proposition that where the duly elected officials of a political subdivision or municipal corporation have, by following the required procedures, determined upon a course of action which is within their competence, the court may intervene and stop that action upon the assertion and proof, assuming the proof would be forthcoming that a majority of the electorate disapprove of the proposed action of the governing body of that unit of government. Such a proposition is obviously in fundamental conflict with the constitutional doctrine of the separation of powers. Clearly, the judiciary may not sit in judgment of the wisdom of proposed legislative action, at least where, as here, there is nothing more asserted than that there is a disagreement as to the wisdom of the proposed action between the governing body on the one hand, and a majority of the electorate on the other hand. In our form of government, the appropriate recourse to the electorate is at the polls, not in the courts.

In Hyam v. Upper Montgomery Joint Authority, 399 Pa. 446 (1960), the court states, at page 455:

"The property owners want a hearing. Even if such hearing were held and *all* the facts *alleged* in the complaint were *proven*, judicial interference would be unwarranted. The legislature has vested in both the Authority and the Borough officials the power and responsibility of conducting governmental affairs in their respective areas: to such officials on the local

level is given the right to exercise both judgment and discretion within the sphere of the legislative grant. Courts should be loathe to interfere with or control the performance of the duties of such municipal officials: fraud, official misconduct, arbitrary and capricious abuse of power or discretion by municipal officials alone justify judicial intervention.

"Such a doctrine finds support in prior decisions of our Court . . ." (emphasis from text).

The court then cites the following cases for the above-stated principle: Blumenschein v. Pittsburgh Housing Authority, 379 Pa. 566 (1955); Neizer v. Schuylkill Township School District et al., 384 Pa. 323 (1956); Nine-Ten Chestnut Corporation v. Philadelphia Parking Authority, 373 Pa. 274 (1953); Parker v. Philadelphia, 391 Pa. 242 (1958); Downing v. Erie City School District et al. 360 Pa. 29 (1948); Gericke et al. v. Philadelphia et al. 353 Pa. 60 (1945).

Plaintiffs cite to us the case of Pennsylvania State Chamber of Commerce v. Torquato, 386 Pa. 306 (1956), as supporting its position. However, this case does not stand for the proposition that a court may intervene with the action of elected officials when the majority of the electorate disapprove of the proposed action. On the contrary, the above-cited case merely stands for the principle that a statutory provision which directs that unemployment compensation in large amount shall be made to claimants before the validity of their claims to such payments are or may be determined by the court is in violation of the due process of law requirements. That is, a question of constitutionality of a statute is properly a question for the judiciary.

Plaintiffs also cite Commonwealth ex rel. McCreary v. Major, 343 Pa. 355 (1941), but that case actually supports the position of defendants. In that case the members of council of the City of Beaver Falls appointed

themselves to the municipal authority they had created, and in a quo warranto proceeding they were ousted, the court declaring that such self-appointment was clearly against a well-recognized, ancient public policy. The significant point is that the court declared that a court may intervene and determine what is against public policy where there is "a virtual unanimity of opinion" among all reasonable men, the court in McCreary finding that there was such virtual unanimity of opinion that a councilman may not appoint himself to the municipal authority. In the case at bar, according to the complaint, one-third of the electorate voted to renominate the two directors who allegedly plan to proceed with construction.

A further ground of the preliminary objections is that the instant complaint raises the identical issue that was litigated in a previous suit in equity at April term, 1971, No. 340. We take judicial notice of the record in that case, in which suit the plaintiffs were the minority members of the school board and defendants were the majority members of the school board and all of the members of the school authority. That case was tried on the merits and an adjudication was entered by Judge Silvestri dismissing the complaint by a decree nisi dated May 10, 1971. That case is now on appeal. In light of the fact that there was asserted before Judge Silvestri the impropriety and invalidity of the action of the school board, that question will be considered on appeal, and we deem it inappropriate to permit plaintiffs to amend their complaint in the instant case.

Accordingly, the preliminary objections of defendants in the instant case will be sustained, without leave to plaintiffs to amend their complaint.

## ORDER

And now, this July 27, 1971, following oral argu-

ment and consideration of the briefs of counsel, it is ordered that the preliminary objections of defendants are sustained and the complaint of plaintiffs is dismissed without leave to amend.